Argued and submitted March 4, affirmed April 14, 1987

## PORTLAND ADVENTIST MEDICAL CENTER,
*Appellant,*

*v.*

## SHEFFIELD,
*Respondent.*

### (OTC 2400; SC S33271)
735 P2d 371

William Dickas, Portland, argued the cause and filed the brief on behalf of appellant. With him on the brief was Kell, Alterman & Runstein, Portland.

Jane E. Stonecipher, Assistant County Counsel, Portland, argued the cause and filed the brief on behalf of respondent. With her on the brief was John B. Leahy, County Counsel for Multnomah County, Portland.

PETERSON, C. J.

## PETERSON, C. J.

The Multnomah County Assessor commenced omitted property proceedings against the operators of various nonprofit hospitals, including plaintiff Portland Adventist Medical Center and required the plaintiff to show cause, pursuant to ORS 311.209, why some of the plaintiff's properties should not be added to the tax rolls. ORS 311.209 provides:

> "Notice shall be given to the [owner] * * * of the assessor's intention to add the property to the assessment or tax roll and to assess the property in such person's name. [The notice] shall * * * require the person * * * to show cause, if any, why the property should not be added to the tax roll and assessed to such person."

The plaintiff responded to the notice and requested that the response be kept confidential. The assessor refused, resulting in this declaratory judgment action before the Tax Court.[1]

■ ■ The plaintiff argued that although no statute expressly mandates that information submitted to the assessor under ORS 311.209 be kept confidential,[2] the legislature has expressed a policy of keeping this type of information confidential under other provisions of the revenue and taxation laws. The plaintiff cites ORS 308.290(5) (confidentiality of information in personal property tax returns) and ORS 314.835 (confidentiality of information in income tax returns), and contends that, "the Assessor and the Tax Court should first at least examine the information presented by [the plaintiff] to determine if it is of a kind determined by the legislature to be confidential."

---

[1] The plaintiff prayed for a decree "restraining defendant from disclosing plaintiff's response except to his own employees and attorneys and to the Oregon Department of Revenue, all for purposes of evaluating the information submitted to determine the adequacy of the showing pursuant to ORS 311.211."

[2] The plaintiff, in its complaint and in oral argument before this court, also argued that the information requested by the Multnomah County Tax Assessor included "trade secrets," ORS 192.500(1)(b), that are exempt from disclosure under the Public Records Act, ORS 192.410 to 192.500. This may be so, but the fact that information is exempt from obligatory disclosure under the Public Records Act does not resolve the question of the authority of a public official to disclose the information voluntarily. An exemption from the Public Records Act means that the custodian of the information is not *obliged* to disclose it. Exemption from disclosure does not necessarily mean that the custodian is required *not* to disclose it.

The Tax Court rejected the plaintiff's argument and dismissed the plaintiff's complaint. The order states:

"[I]t is fundamental that if the legislature wanted information other than that described by such specific statutes to be confidential, it would have expressly so provided. While it is true that information from taxpayers is often afforded confidential treatment in many circumstances, there is no general expression of legislative policy to that effect. To the contrary, the general legislative policy is that all information in the hands of the government is open to the public unless expressly exempted. ORS 192.420. Consequently, finding no specific authority that all information furnished under ORS 311.209 is confidential, the court cannot find it so as a matter of policy."

We agree with the Tax Court. The statutory scheme demonstrates that the legislature has recognized and protected privacy interests when it has perceived a need for doing so. *See, e.g.,* ORS 308.290(5) (all property tax returns "shall be confidential records"); 314.835 (except as otherwise provided "it shall be unlawful for the department * * * to divulge * * * the amount of income tax * * * disclosed in any * * * [income tax] return"). Information submitted to obtain a tax exemption has not been given the statutory protection afforded information required to be submitted in tax returns. We are not at liberty to insert what the plaintiff contends has been omitted, ORS 174.010, or to reevaluate the statutory scheme to determine whether legislative policy would be better served by adding the protection of confidentiality to ORS 311.209. *Whipple v. Howser,* 291 Or 475, 480, 632 P2d 782 (1981); *Lane County v. Heintz Const. Co.,* 228 Or 152, 157, 364 P2d 627 (1960); *Barrett v. Union Bridge Co.,* 117 Or 566, 570, 245 P 308 (1926).

The decision of the Tax Court is affirmed.