Argued and submitted October 31, 1989, the decision of the Court of Appeals and the judgment of the circuit court reversed and remanded to the circuit court for entry of judgment May 10, reconsideration denied June 19, 1990

# GUARD PUBLISHING COMPANY,
*Petitioner on Review,*

*v.*

# LANE COUNTY SCHOOL DISTRICT NO. 4J,
*Respondent on Review.*

## (TC 16-87-04186; CA A48087; SC S36246)

791 P2d 854

Bruce E. Smith, Eugene, argued the cause for petitioner on review. With him on the petition was Cass, Scott, Woods & Smith, Eugene.

Joe B. Richards, Eugene, argued the cause for respondent on review. On the response to the petition were Joel S. DeVore and Luvaas, Cobb, Richards & Fraser, P. C., Eugene.

Robert D. Durham, Elizabeth McKanna, and Durham, Smith, Wiser and Gamson, Portland, filed a brief *amicus curiae* for Oregon Education Association.

Before Peterson, Chief Justice, Linde,** Carson, Jones,*** Gillette, Van Hoomissen and Fadeley, Justices.

VAN HOOMISSEN, J.

Fadeley, J., concurred and filed an opinion.

Peterson, C. J., dissented and filed an opinion.

---

** Linde, J., retired January 31, 1990.

*** Jones, J., resigned April 30, 1990.

## VAN HOOMISSEN, J.

This case presents the question whether the names and addresses of replacement teachers hired by a school district during a teachers' strike are public records which may be exempted from disclosure under ORS 192.502(2). We hold that such information may not be exempted absent an individualized showing of justification for exemption. Accordingly, a school district policy exempting such information without an individualized showing of justification violates the Inspection of Public Records law, ORS 192.410 *et seq,* and is unenforceable.

This is an action under the Oregon Inspection of Public Records law, ORS 192.410 *et seq.* Plaintiff Guard Publishing Company (Guard) sought a declaratory judgment that the names and addresses of replacement teachers serving as coaches during a teachers' strike in defendant Lane County School District No. 4J (District) were public records subject to disclosure. The District contended that the coaches' names and addresses were exempt from disclosure. The trial court ruled that the replacement coaches' addresses, but not their names, could be exempted from disclosure. The court denied Guard's motion for attorney fees under ORS 192.490(3), *infra.* The Court of Appeals affirmed. *Guard Publishing Co. v. Lane County School Dist.,* 96 Or App 463, 774 P2d 494 (1989). We reverse.

### . FACTS

In April 1987, a teachers' strike began in Lane County School District No. 4J. The District thereafter sought replacements for its striking teachers. Pursuant to policy the District had adopted in 1984, its advertisements for replacement teachers promised that the District would keep replacements' names and addresses confidential during the strike. The District sent all prospective replacements a letter with their applications promising to keep personal data confidential. This case involves only those replacement teachers who served as coaches. The District's general policy allowed for disclosure of regular and substitute teachers' names and addresses.

Guard requested that the District disclose the names and addresses of its replacement coaches, relying on ORS

192.420.[1] The District refused, relying on ORS 192.502(2).[2] After receiving Guard's request, the District sent a questionnaire to each of the replacement coaches asking whether they wanted their names and addresses disclosed. Most, but not all, responded that they did not want that information disclosed.

Guard then asked the Lane County District Attorney to order disclosure of the replacement coaches' names and addresses. The District Attorney denied that request and instead ordered the District to withhold the information during the strike.[3]

After the strike ended, Guard petitioned the circuit court for a declaratory judgment that it had been entitled to

---

[1] ORS 192.420 provides:

"Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to 192.505."

Guard told the District that it wanted the information in order to contact the replacement coaches about athletic activities and to verify their credentials. However, ORS 192.420 imposes no requirement that a person requesting inspection of a public record state a purpose for the request. Generally, purpose is not relevant to entitlement to inspect public records. *See MacEwan v. Holm et al,* 226 Or 27, 38-39, 359 P2d 413 (1961); *but see Jordan v. MVD,* 308 Or 433, 781 P2d 1203 (1989).

[2] ORS 192.502(2) *(former* ORS 192.500(2)(b)) exempts from disclosure:

"Information of a personal nature such as but not limited to that kept in a personal, medical or similar file, if the public disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance. The party seeking disclosure shall have the burden of showing that public disclosure would not constitute an unreasonable invasion of privacy."

The District also argued at trial and in the Court of Appeals that the information was exempt under ORS 192.502(3), ORS 192.502(8) and ORS 342.850(7), and that, if the information was not exempt, the Inspection of Public Records law violates Article I, section 20, of the Oregon Constitution by depriving public teachers of the privilege and immunities enjoyed by private teachers. Both courts below rejected these additional arguments and we do not address them here.

[3] Although the District gave Guard the coaches' names and addresses the day after the strike ended, this appeal is not moot. ORS 28.020 provides in part:

"Any person * * * whose rights * * * are affected by a * * * statute * * * may have determined any question of construction or validity arising under any such * * * statute * * * and obtain a declaration of rights, status or other legal relations thereunder."

While the strike had ended before Guard sought a declaratory judgment, the District followed a policy which it stated it intended to follow in the future, and Guard's complaint also sought injunctive relief against future non-disclosure. *See Kay v. David Douglas Sch. Dist. No. 40,* 303 Or 574, 738 P2d 1389 (1987), *cert den* 484 US 1032, 108 S Ct 740, 98 L Ed 2d 775 (1988); *Oregon Republican Party v. State of Oregon,* 301 Or 437, 440, 722 P2d 1237 (1986).

the requested information during the strike, for an order directing that the District cease withholding such information in the future, and for attorney fees under ORS 192.490(3), *infra.*

The trial court found:

(1)   That the requested information was submitted to the District by the replacement coaches in confidence;

(2)   That the District in good faith obligated itself not to disclose the requested information;

(3)   That the replacement coaches' names were not exempt from disclosure under ORS 192.502(2);

(4)   That the replacement coaches' addresses were information of a personal nature, and that disclosure thereof would constitute an unreasonable invasion of privacy;

(5)   That several of the replacement coaches and other replacement teachers were subjected to harassment, and that harassment at the home would be facilitated by simultaneous identification of the nature of the job and home address; and

(6)   That the public interest did not require disclosure of the replacement coaches' addresses.

The trial court ruled that the District could not withhold disclosure of the replacement coaches' names, and it directed the District "not to withhold such information from public disclosure in the future." The court further ruled that the replacement coaches' addresses "were public records which were exempt from disclosure under ORS 192.502(2)." The court denied Guard's motion for ORS 192.490(3) attorney fees.

The Court of Appeals affirmed. *Guard Publishing Co. v. Lane County School Dist., supra.* Relying on its earlier holding in *Morrison v. School District No. 48,* 53 Or App 148, 155, 631 P2d 784 (1981), the Court of Appeals stated that the test for whether information is personal under ORS 192.502(2) is "whether it normally would not be shared with strangers." *Guard Publishing Co. v. Lane County School Dist., supra,* 96 Or App at 467.[4] Applying that test, the court held that one's name

---

[4] In *Jordan v. MVD, supra,* we implicitly rejected this Court of Appeals test. The District did not seek review of the lower courts' conclusion that it must disclose the replacement coaches' names. However, because we hold that the District's 1984 policy is not compatible with the disclosure statutes, we do not here decide whether a person's *name* could ever be exempt from disclosure under ORS 192.502(2). *See Jordan v. MVD, supra.*

is unquestionably information normally shared with strangers. Therefore, the names of replacement coaches are not exempted from disclosure under ORS 192.502(2). 96 Or App at 467-68. However, the Court of Appeals agreed with the trial court that the replacement coaches' addresses were exempt from disclosure, 96 Or App at 470-71, and affirmed the trial court's denial of Guard's motion for ORS 192.490(3) attorney fees. 96 Or App at 472. We allowed Guard's petition for review to consider whether the District's 1984 policy providing that replacement teachers' names and addresses would be kept confidential during any future strike is compatible with the Inspection of Public Records law. We conclude that it is not.

## THE STATUTORY SCHEME

The resolution of this case involves an exercise in statutory construction. ORS 192.420 provides that "Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to 192.550."

Under the statutory scheme, disclosure is the rule. Exemptions from disclosure are to be narrowly construed. *See Jordan v. MVD*, 308 Or 433, 438-39, 781 P2d 1203 (1989). The legislative history of the relevant statutes shows that the legislature intended that they be applied simply, quickly and with a large measure of uniformity. *See Pace Consultants v. Roberts*, 297 Or 590, 594, 687 P2d 779 (1984); *Ayers v. Lee Enterprises Inc.*, 277 Or 527, 531-34, 561 P2d 998 (1977); *Sadler v. Oregon State Bar*, 275 Or 279, 550 P2d 1218 (1976); *MacEwan v. Holm et al*, 226 Or 27, 359 P2d 413 (1961). In construing the scope of ORS 192.205(2), we keep in mind that we are considering an exception to the general rule favoring disclosure. *Jordan v. MVD, supra*, 308 Or at 439.

An individual claiming an exemption from disclosure must *initially show* a public body that the exemption is legally and factually justified.[5] *See Jordan v. MVD, supra*, 308 Or at 443 n 9. If the public body is satisfied that a claimed exemp-

---

[5] However, we find nothing in the relevant statutes that would preclude a public body, upon being asked to disclose a public record that the public body has reason to believe may be exempt from disclosure, from making a timely and reasonable inquiry into whether an exemption does, in fact, apply.

tion from disclosure is justified, it may, *but is not required to,* withhold disclosure of the information.[6]

■      ORS 192.502(2), the relevant exemption statute here, exempts information of a personal nature from disclosure *if* its public disclosure would constitute an unreasonable invasion of privacy. *See Jordan v. MVD, supra,* 308 Or at 435 n 2.[7] Under this statute, a party seeking disclosure may defeat a claimed exemption by showing by a preponderance of the evidence either that the public record being sought is not "information of a personal nature" *or* "that the public disclosure thereof would not constitute an unreasonable invasion of privacy."

Even if the public disclosure of information of a personal nature would constitute an unreasonable invasion of privacy, the information must be disclosed by the public body if the party seeking disclosure shows by clear and convincing evidence that the public interest requires disclosure in the particular instance. ORS 192.502(2).

A person denied the right to inspect a public record of a state agency may seek a speedy review of the denial by the Attorney General. ORS 192.450. If the denial is by any other public body, review is by the local District Attorney. ORS 192.460. In either case, the burden of proof is on the public body to sustain its action by a preponderance of the evidence. ORS 192.450(1); ORS 192.460.

A party aggrieved by the decision of the Attorney General or a District Attorney may obtain a speedy *de novo* review in circuit court. ORS 192.450(2); ORS 192.490(2). Here again, the burden of proof is on the public body to sustain its action by a preponderance of the evidence. ORS 192.490(1).

---

[6] ORS 192.502 does not prohibit disclosure of exempted information. Exemption means merely that the public body is not obligated to disclosure under ORS 192.420. *See Portland Adventist Medical Center v. Sheffield,* 303 Or 197, 199 n 2, 735 P2d 371 (1987); *see also Jordan v. MVD, supra,* 308 Or at 444 (Gillette, J., concurring). The legislature has used unambiguous language when it desired to prohibit the release of information. *See e.g.,* ORS 314.835 (prohibiting disclosure of tax information) and ORS 314.991(2) (making violation of ORS 314.835 a felony); ORS 418.770(3) (governing the confidentiality of child abuse reports and investigations) and ORS 418.990(6) (making violation of ORS 418.770(3) punishable by a fine).

[7] As to what constitutes "information of a personal nature" and an "unreasonable invasion of privacy," *see Jordan v. MVD, supra,* 308 Or at 442.

The judgment of the circuit court is appealable. ORS 192.490(3) authorizes attorney fees at trial and on appeal as will be discussed hereinafter.

A public body must adhere strictly to the requirements of the relevant statutes. A public body may not exempt itself from its responsibilities under the Inspection of Public Records law by adopting a policy that seeks to deprive citizens of their right under the law to inspect public records. Disclosure is the norm; exclusion is the exception that must be justified by the public body.

Nor may a public body exempt public records from disclosure simply by promising the contributor confidentiality. Absent statutory authority, such action would violate both the letter and the spirit of the relevant statutes which reflect "the strong and enduring policy that public records and governmental activities be open to the public." *Jordan v. MVD, supra,* 308 Or at 438 (citing *MacEwan v. Holm et al, supra).* Furthermore, ORS 192.420 restricts exemption from disclosure under the Inspection of Public Records law to those exemptions "expressly provided by ORS 192.501 to 192.505."

## ANALYSIS

■ In 1984, the District adopted a blanket policy that it would not disclose the name or address of any replacement teacher it might employ during a future teachers' strike. In adopting that policy, the District did not act on an individual, case-by-case basis within the narrow authority conferred on it by the Inspection of Public Records law. The District's blanket policy of non-disclosure is antithetical to the legislative intent reflected in the Inspection of Public Records law. That intent strongly favors openness, *i.e.,* disclosure. Exemptions are to be narrowly construed, *i.e.,* they are to be made on an individualized basis and are to be based on a sufficient showing of justification.

Although some replacement coaches wanted their names and addresses protected, neither the District's contractual promise not to disclose their names and addresses nor the coaches' reliance thereon could exempt the District from its statutory responsibilities under ORS 192.410 *et seq.* Consistent with the statutory scheme, the District had to consider each request for an exemption from disclosure on its own

merits, and to give the party requesting inspection of public records a reasonable opportunity to make a showing which would entitle the party to disclosure.

The District cites no statutory or other relevant authority in support of its contention that it could prospectively adopt a policy granting a blanket exemption from disclosure to a class of persons, *e.g.*, replacement teachers during a strike, before the District even received and evaluated individual requests for exemption.

■ We hold that the information which Guard sought here is not exempt absent an individualized showing of justification for an exemption. The school district's blanket policy, exempting public records from disclosure without an individualized showing, violates the Inspection of Public Records law, ORS 194.410 *et seq,* and is therefore unenforceable. Accordingly, the trial court and the Court of Appeals erred in upholding the District's policy in part.[8]

## ATTORNEY FEES

■ Guard also seeks review of the Court of Appeals' decision affirming the trial court's denial of Guard's motion for attorney fees.[9]

ORS 192.490(3) provides in part:

> "If a person seeking the right to inspect or to receive a copy of a public record prevails in the suit, the person shall be awarded costs and disbursements and reasonable attorney fees at trial and on appeal. If the person prevails in part, the

---

[8] Because we find that District's policy here is unenforceable, we need not decide whether the evidence at trial was sufficient to establish that the disclosure of any particular replacement coach's address would have constituted an unreasonable invasion of that coach's privacy. That was not the basis for the trial court's ruling or the Court of Appeals' affirmance. For the same reason, we need not decide whether the evidence at trial established by clear and convincing evidence that the public interest required disclosure in this particular instance. ORS 192.502(2). Additionally, as noted in footnote 3, *supra,* although the question of the enforceability of the district's policy is justiciable, the question of the release of individual names and addresses is not, having been mooted by the post-strike release of that information.

[9] The District filed an objection and arguments to Guard's motion for attorney fees. In denying the motion, the trial court "sustained" the District's objection without further explanation. Once again, we emphasize that a trial court's failure to provide an explanation for its discretionary rulings make it difficult, if not impossible, for an appellate court to review whether the trial court abused its discretion.

court may in its discretion award the person costs and disbursements and reasonable attorney fees at trial and on appeal, or an appropriate portion thereof * * *."

In the trial court, Guard prevailed only in part by establishing that the District could not evade its responsibilities under the Inspection of Public Records law by adopting a blanket policy that was inconsistent with the statutory scheme or by contract, and by forcing the District to disclose the replacement coaches' names.

In this court, however, Guard has now "prevailed in the suit" by establishing that the District's policy is also unenforceable. Guard, therefore, is entitled to its reasonable attorney fees at trial and on appeal. ORS 192.490(3). Accordingly, we remand this case to the trial court to determine Guard's reasonable attorney fees at trial and on appeal.

The decision of the Court of Appeals and the judgment of the circuit court are reversed. Remanded to the circuit court for entry of a judgment consistent with this opinion and to determine attorney fees.

**FADELEY, J.,** concurring.

I concur in the decision but wish to emphasize the strong statutory policy mandating disclosure of public records. ORS 192.420 provides: "Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to ORS 192.505."

A disclosure enforcement action is not the time to be timorous or tentative. The legislative policy is clearly expressed. A public agency's duty is to disclose unless a statutory exemption unequivocally applies. If the agency is dissatisfied with the range of subjects which the legislature has seen fit to exempt from disclosure, the legislature is the appropriate place to seek a remedy. Independent decisions taken by a public agency, however well motivated, will be at cross purposes with the law declaring the duty to disclose the public's business to the public.

If a public body denies any person access to a public record, "the burden is on the public body to sustain its action" in any suit to enforce the duty of disclosure. ORS 192.490(1).

The "personal information" exemption is for the benefit of the individual, not for the benefit of the public employer who holds the record of that information. Thus the public body must first be "shown" that an unreasonable invasion of privacy of the individual will result from the specific disclosure requested. *Jordan v. MVD,* 308 Or 442, 781 P2d 1203 (1989). And, as the concurring opinion in *Jordan* stated, a public agency or body "can be expected to be exacting in their insistence on clear justification for any requested exemption * * *." 308 Or at 445.

The requirements for a *Jordan* exemption are not met by a blanket policy adopted by a public body in advance of a personal request for exemption supported by the requestor's personal showing of unreasonable invasion of privacy. Nor are those requirements met by a request that simply shows that a prospective employee prefers confidentiality to disclosure. Those requirements are not met here.

**PETERSON, C. J.,** dissenting.

The core of the majority's holding is this:

"The District cites no statutory or other relevant authority in support of its contention that it could prospectively adopt a policy granting a blanket exemption from disclosure to a class of persons, *e.g.,* replacement teachers during a strike, before the District even received and evaluated individual requests for exemption.

"We hold that the information which Guard sought here is not exempt absent an individualized showing of justification for an exemption. The school district's blanket policy, exempting public records from disclosure without an individualized showing, violates the Inspection of Public Records law, ORS 194.410 *et seq,* and is therefore unenforceable. Accordingly, the trial court and the Court of Appeals erred in upholding the District's policy in part." 310 Or at 40. (Footnote omitted.)

Not much analysis here. But more to the point, the conclusion is error.

There are three exemption statutes, ORS 192.496, 192.501 and 192.502. They are replete with instances in which the legislature has made certain records exempt. In most cases, the exempt records are described by the class of records involved. Other categories of exempt records are made so

because of the class of *persons* involved. See, for example, these exemptions:

— Names and addresses of employees who sign authorization cards or petitions for the purpose of requesting representation or decertification elections. ORS 192.501(7);

— Circulation records of a public library showing use of specific library materials by named persons. ORS 192.501(10);

— Employee and retiree address, telephone number and other nonfinancial membership records and employee financial records maintained by the Public Employes' Retirement System. ORS 192.502(11).

There are other exemptions that have the same effect, even though the statutes are worded differently. See, for example:

— Information about the physical or mental health or treatment of a person. ORS 192.496(1);

— Trade secrets. ORS 192.501(2);

— Information relating to the appraisal of real estate prior to its acquisition. ORS 192.501(6).

Clearly, there is no legislative policy against exempting some public records that describe a class of persons. The legislature cannot have anticipated every category of record that might be exempt from disclosure. It therefore granted public bodies flexible authority to make such decisions *within the limitations of the applicable statute,* in this case, ORS 192.502(2).

It is permissible for an agency, under ORS 192.502(2), to create a *class* of exempt records, based upon personal characteristics of a group of persons. The agency need not wait for an individual to request exemption of those records pertaining to him, her, or it.

On April 8, 1987, a teachers' strike began in Lane County School District No. 4J. The schools were closed during the ensuing three weeks. During this time, the district considered whether to hire replacement teachers, and ultimately hired 19 replacement coaches (and about 400 replacement teachers). Potential applicants were advised that the personal

data that they submitted would be kept confidential. All 14 replacement coaches who testified stated that they believed that their names and addresses would be kept confidential.

The district's concern for confidentiality was based upon events that occurred during a 1979 teachers' strike. During that strike, replacements were telephoned at all hours of the day and night. The district had difficulty contacting replacement teachers because they were afraid to pick up their phones for fear of being abused by regular staff. There were 11 incidents involving slashed tires, dents and scratches in the replacement teachers' vehicles.

The record shows that during the 1987 strike, Eugene Education Association newsletters listed by name the substitute teachers working as replacements. Union members were given a script and asked to call replacement teachers at home, telling them not to work and that there would be negative results from working as a replacement. Some replacements were called in the middle of the night. Others were threatened with bodily harm.

The District's policy is authorized by ORS 192.502(2). I do not read ORS 192.502(2) to require exemption only "on an individual, case-by-case, basis." 310 Or at 39. If an agency policy meets the requirements of the statute, it is permissible, even if the exemption is articulated in terms of the persons whose records will be exempt.

The statute itself does not require such an individualized approach. The statute simply authorizes an agency to exempt records from disclosure if the requirements of the statute are met. Those requirements are twofold:

1. The information must be "of a personal nature."

2. "Public disclosure thereof would constitute an unreasonable invasion of privacy."

The agency's action in this case clearly complied with the requirements of the statute.

The first sentence of ORS 192.502(2) states that even if the information is personal and disclosure would constitute an unreasonable invasion of privacy, the records can be released upon a showing by clear and convincing evidence that disclosure is required in the public interest "in the particular

instance." The words "in the particular instance" must refer to the instance of the application of the person seeking disclosure, not to the request of an individual whose records are involved that those records be exempt from disclosure.

True, *Jordan v. MVD,* 308 Or 433, 781 P2d 1203 (1989), contains some language that supports the majority:

> "The first mention, in the first sentence of ORS 192.502(2), requires that the individual whose information of a personal nature is a part of the public record must show to the agency that disclosure would constitute an unreasonable invasion of privacy in order to claim entitlement to this statutory exemption." 308 Or at 443 n 9.

That statement was made in the context of the facts of that case. There, the individual whose address was sought to be obtained from the agency, previously had written the agency asking that such information be kept confidential. The agency granted the exemption. That happens to be a fact involved in the *Jordan* case. The *Jordan* language cannot be converted to a holding that the public records law forbids an agency from exempting records based upon identifiable characteristics of a class of persons in the agency records.

Suppose that, for licensing purposes, the Motor Vehicles Division needed to know whether a licensee had AIDS or syphilis or gonorrhea. I have no doubt that the agency, without requiring an individual request from each licensee that that information be kept confidential, could exempt such records because (1) they contain "information of a personal nature" and (2) because public disclosure thereof would constitute an unreasonable invasion of privacy.

Societal needs are not unchanging. In enacting statutes like ORS 192.502(2), the legislature must have had in mind situations such as the case at bar. Granting such authority to a public body is consistent with the purpose of the public records law.

I therefore dissent.