Argued and submitted May 19, 1995, affirmed on appeal and cross-appeal
October 16, 1996

OREGONIAN PUBLISHING COMPANY,
an Oregon corporation, doing business
under the assumed business name of
The Oregonian; and Erin Hoover Schraw,
*Respondents - Cross-Appellants,*

*v.*

PORTLAND SCHOOL DISTRICT NO. 1J,
*Appellant - Cross-Respondent.*

(9309-05795; CA A83594)

925 P2d 591

James N. Westwood argued the cause for appellant - cross-respondent. On the briefs were Bruce L. Campbell, Jeffrey B. Millner, Clifford N. Carlsen, Jr., and Miller, Nash, Wiener, Hager & Carlsen.

Charles F. Hinkle argued the cause for respondent - cross-appellant. With him on the briefs were Per A. Ramfjord and Stoel Rives Boley Jones & Grey.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant Portland School District No. 1J appeals from a judgment that ordered the district to deliver to plaintiffs copies of a personnel investigation report prepared by the district and a letter of resignation from Tom Parr, the former principal of Benson High School. We review *de novo*, ORS 19.125(3), and affirm.

During 1993, the school district learned that several of its employees, including the principal, Tom Parr, and vice principal, David Williams, of Benson High School, might be involved in the misuse and theft of school property. The deputy superintendent of the district asked the Portland School Police to investigate the matter.

At the conclusion of the investigation, the investigating officer, Sergeant Leedom, prepared a "personnel investigation" report. The subject of the report was the "misuse and theft of school district property." The report was given to the deputy superintendent and then submitted to the Multnomah County District Attorney to determine whether criminal charges should be brought. Ultimately, the district handled the matter internally and both Parr and Williams lost their positions. Williams resigned and Parr retired.

On July 24, 1993, Parr sent a letter to the Benson High School faculty and staff announcing his retirement. The letter was widely circulated and was quoted at length in an article that appeared in *The Oregonian* newspaper on July 29, 1993.

On July 28, 1993, a reporter at *The Oregonian*, Erin Hoover Schraw, telephoned the school district and asked to review "[a]ll records contained in the Portland School Police investigation of the misuse of district property by Benson High School Principal Tom Parr and Vice Principal David Williams completed in July, 1993." The school district refused to turn over the requested records, claiming that they were exempt from disclosure because they related to a confidential personnel matter.

On July 29, 1993, *The Oregonian* sent a letter to the Multnomah County District Attorney asking him to review

the requested records to determine whether they were exempt from public disclosure under the Oregon public records inspection law. *See* ORS 192.450; ORS 192.460. The district attorney reviewed the records and ruled on August 18, 1993, that they were exempt from disclosure under ORS 192.502(8) and ORS 342.850(7).

On September 8, 1993, *The Oregonian*[1] filed this action for injunctive relief under the public records inspection law, asking the trial court to compel the school district to turn over all records relating to the investigation. The trial court determined that *The Oregonian* was entitled to review the resignation letter by Parr and the personnel investigation report prepared by Leedom. The court decided that the Parr letter had been widely circulated and was a public document and that the district had waived any exemption it might have had for the investigation report under the public records inspection law. The court concluded that the remainder of the documents sought by *The Oregonian* were exempt from disclosure under the law.[2]

The district appeals claiming that (1) the trial court erred in ruling that the district had waived its exemptions under the public records inspection law, (2) the trial court erred in concluding that *The Oregonian* had timely filed its complaint and (3) the trial court erred in awarding attorney fees to *The Oregonian*. *The Oregonian* cross-appeals, arguing that the trial court erred by awarding it only a portion of its claimed attorney fees.

We first address the district's argument that *The Oregonian*'s complaint seeking disclosure of the documents was not timely filed. ORS 192.450(2) provides in relevant part:

"If the Attorney General grants the petition and orders the state agency to disclose the record, or if the Attorney General grants the petition in part and orders the state agency to disclose a portion of the record, the state agency

---

[1] The action was filed by the Oregonian Publishing Company and by a reporter for *The Oregonian*. We will refer to plaintiffs as *The Oregonian* in this opinion.

[2] *The Oregonian* does not contest that part of the ruling and does not seek access to other documents on appeal.

shall comply with the order in full within seven days after issuance of the order, unless within the seven-day period it issues a notice of its intention to institute proceedings for injunctive or declaratory relief in the Circuit Court for Marion County. * * * The state agency shall institute the proceedings within seven days after it issues its notice of intention to do so. If the Attorney General denies the petition in whole or in part, or if the state agency continues to withhold the record or a part of it notwithstanding an order to disclose by the Attorney General, the person seeking disclosure may institute such proceedings."

Although the provision refers to state agencies and the Attorney General, it applies to other governmental bodies, such as the district. *See* ORS 192.460. For public bodies other than state agencies, the district attorney for the county in which the public body is located performs the duties assigned to the Attorney General in ORS 192.450(2). *See* ORS 192.460.

ORS 192.450(2) plainly requires a public body that wants to avoid disclosure of its records to initiate proceedings within no more than 14 days of an Attorney General or district attorney order requiring disclosure. The district argues that the same time limit also applies to private individuals who seek access to documents that the Attorney General or a district attorney has determined to be exempt from disclosure. The district is mistaken. The plain language of the statute requires only that a public body act within no more than 14 days of a disclosure order. The purpose behind that requirement is to relieve private parties of the burden of suing public bodies that refuse to comply with disclosure orders. The time limitation ensures that public bodies will either comply with a disclosure order or seek prompt judicial review of it. The time limitation is not written so as to apply to private individuals.

Next, we turn to whether the documents at issue are exempt from disclosure under the law. Oregon has a "strong and enduring policy that public records and governmental activities be open to the public." *Jordan v. MVD*, 308 Or 433, 438, 781 P2d 1203 (1989). Disclosure is the rule and exemptions from disclosure are to be narrowly construed in a manner that promotes simple, quick and largely uniform application. *Jordan*, 308 Or at 438-39; *Gray v. Salem-Keizer*

*School District*, 139 Or App 556, 562-63, 912 P2d 938, *rev den* 323 Or 265 (1996).

ORS 192.420 provides:

"Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to ORS 192.505."

The district argues that the documents at issue are exempt from disclosure under several provisions of the inspection law: ORS 192.501(12)[3] (materials or documents supporting a personnel disciplinary action), ORS 192.502(2) (information contained in a personnel file, the disclosure of which would constitute an unreasonable invasion of privacy), and ORS 192.502(8) and ORS 342.850(7) (exemption from disclosure of records that are restricted, privileged or confidential under provisions of Oregon law outside the public records inspection law, including ORS 342.850(7) regarding the personnel file of a teacher).

We first turn to ORS 192.502(8) and 342.850(7). ORS 192.502(8) is a "catchall" exemption that exempts from disclosure all "[p]ublic records or information the disclosure of which is prohibited or restricted or otherwise made confidential or privileged under Oregon law." ORS 192.502(8) was added by the 1987 legislature to replace *former* ORS 192.500(2)(h) (repealed by Or Laws 1987, ch 898, § 27), which listed statutes outside the public records inspection law that provided for confidential records. Because *former* ORS 192.500(2)(h) did not list every conceivable statute that provided for confidential records, the legislature replaced the lengthy list of statutory citations with ORS 192.502(8), which serves as a catchall cross-reference to the many statutes that were listed in *former* ORS 192.500(2)(h), as well as any other applicable law. *See* Attorney General's Public Records and Meetings Manual 36 (1989).

ORS 342.850(7) comes within the catchall exemption. It restricts access to a school teacher's[4] personnel file

---

[3] ORS 192.501(12) was formerly ORS 192.501(13). For purposes of this appeal we will refer to ORS 192.501(12) by its current designation.

[4] Parr and Williams are "teachers" under ORS 342.815(8), because the term teacher is broadly defined and includes administrators, such as principals or vice-principals.

and vests in school boards the authority to regulate that access. It states:

> "[A teacher's] personnel file shall be open for inspection by the teacher, the teacher's designees and the district school board and its designees. District school boards shall adopt rules governing access to personnel files, including rules specifying whom school officials may designate to inspect personnel files."

As required by ORS 342.850(7), the district promulgated rules restricting access to the personnel files of its teachers. Those rules do not authorize public access to the files. *See* Portland Public Schools Policies and Regulations §§ 5.20.110, 5.20.111. The district argues that because the personnel investigation report and Parr's resignation letter are personnel records contained in confidential teacher personnel files, those documents are absolutely exempt from disclosure under ORS 342.850(7).

■      In *Guard Publishing Co. v. Lane County School Dist.*, 96 Or App 463, 774 P2d 494 (1989), *rev'd on other grounds* 310 Or 32, 791 P2d 854 (1990), we impliedly accepted the principle that ORS 342.850(7) protects the confidentiality of some materials kept in a teacher's personnel file. It is clear, however, that Parr's resignation letter is not found solely in his district personnel file. The resignation letter was widely distributed to faculty, staff, and students' parents. In addition, the letter was quoted almost verbatim in an article that appeared in *The Oregonian* on July 29, 1993. In *Guard Publishing Co.*, 96 Or App at 468, we stated that a "public body cannot make otherwise public information confidential by placing it in a personnel file." Because Parr's resignation letter was widely distributed, it is a public document. Simply placing it in Parr's personnel file does not insulate it from disclosure as a confidential personnel record under ORS 342.850(7).

■      Turning to the investigation report, we do not need to decide whether the report would be exempt from disclosure under ORS 342.850(7) if it were kept only in the relevant employees' personnel files. As noted, the district gave the report to the Multnomah County District Attorney to be used to determine whether to prosecute the affected employees for

their alleged misuse and theft of district property. By distributing the report to people outside the district for purposes other than internal discipline, the report lost its character as a confidential personnel record, assuming that it otherwise had that character. Consequently, the report is not exempt as a confidential personnel record under ORS 192.502(8) and ORS 342.850(7).

■ The district argues in the alternative that the requested records are qualifiedly exempt under ORS 192.501(12). ORS 192.501(12) provides that records relating to a "personnel discipline action" are exempt from disclosure unless the public interest requires disclosure in the particular instance. Assuming, without deciding, that the records at issue are records relating to a personnel discipline action, we must then balance the private interest in confidentiality against the public interest in disclosure. We have stated that "the Public Records [inspection law] expresses the legislature's view that members of the public are entitled to information that will facilitate their understanding of how public business is conducted." *Guard Publishing Co.*, 96 Or App at 469. We also have said that "disclosure decisions should be based on balancing those public interests that favor disclosure of governmental records against those public interests that favor governmental confidentiality, with the presumption always being in favor of disclosure." *Turner v. Reed*, 22 Or App 177, 187, 538 P2d 373, *rev den* (1975).

The public interest in this case is significant and requires disclosure. The records at issue involve alleged misuse and theft of public property by public employees. That is a matter of legitimate public interest. Furthermore, considering the publicity that this matter already has received, it is not clear that disclosure of the documents will intrude into any privacy that Parr or Williams enjoy with respect to it. Therefore, the documents are not exempt under ORS 192.501(12).

■ Finally, the district argues that the requested records are qualifiedly exempt under ORS 192.502(2). ORS 192.502(2) exempts from disclosure public records containing

"[i]nformation of a personal nature such as but not limited to that kept in a personal, medical or similar file, if the public disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance."

The Supreme Court has said that that exemption exists to prevent unreasonable invasions of personal privacy. *Jordan*, 308 Or at 441-42. The information contained in the disputed documents is not information of a personal nature, as that term is used in ORS 192.502(2). Furthermore, its disclosure would not constitute an unreasonable invasion of privacy. The documents are not exempt under ORS 192.502(2). Because we conclude that the documents at issue are not exempt from disclosure under the public records inspection law, we need not address whether the district waived any of its exemptions under that law.

Our resolution of the district's challenge to the trial court's order to release the records also resolves the district's challenge to the award of attorney fees to *The Oregonian*. The latter challenge was premised on the district's contention that it should prevail on the merits of its appeal. Because it did not, the trial court did not err in awarding attorney fees to *The Oregonian*.

■ On cross-appeal, *The Oregonian* argues that the trial court erred by awarding it only a portion of its attorney fees. ORS 192.490(3) provides in relevant part:

"If a person seeking the right to inspect or to receive a copy of a public record prevails in the suit, the person shall be awarded costs and disbursements and reasonable attorney fees at trial and on appeal. If the person prevails in part, the court may in its discretion award the person costs and disbursements and reasonable attorney fees at trial and on appeal, or an appropriate portion thereof."

*The Oregonian* contends that it received the most important documents that it had sought and, for that reason, should be considered to have prevailed in the action. Thus, it argues, the court was required to award it all of its attorney fees. *The Oregonian* did not, however, fully prevail. It listed several documents in its complaint that the court did not order be

disclosed. In addition, the court found that *The Oregonian* already had received the letter written by Parr. Thus, it determined that *The Oregonian* should not be reimbursed for pursuing access to that document. On this record, the trial court did not abuse its discretion in making the award of attorney fees that it did.

Affirmed on appeal and on cross-appeal.