On appellant - cross-respondent's petition for reconsideration filed October 25, 1996, reconsideration allowed; former opinion (144 Or App 480, 925 P2d 591 (1996)) modified and adhered to as modified January 7, petition for review allowed May 19, 1998 (327 Or 173)

**OREGONIAN PUBLISHING COMPANY,**
an Oregon corporation,
doing business under the
assumed business name of *The Oregonian*;
and Erin Hoover Schraw,
*Respondents - Cross-Appellants,*

*v.*

**PORTLAND SCHOOL DISTRICT NO. 1J,**
*Appellant - Cross-Respondent.*

(9308-05795; CA A83594)

952 P2d 66

James N. Westwood, Bruce L. Campbell and Miller, Nash, Wiener, Hager & Carlsen for the petition.

Charles F. Hinkle *contra*.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

Edmonds, J., dissenting.

## ARMSTRONG, J.

Defendant Portland School District No. 1J moves for reconsideration of our decision in *Oregonian Publishing v. Portland School Dist. No. 1J*, 144 Or App 180, 925 P2d 591 (1996), in which we held that documents relating to a personnel investigation conducted by the district were public records that were subject to disclosure. The district contends that our decision contains a material mistake of fact. We allow the motion, modify our earlier opinion and adhere to it as modified.

In our opinion, we concluded that a report about the alleged misconduct of district employees was not exempt as a confidential personnel record under ORS 192.502(9) and ORS 342.850(8) because it had been submitted to the Multnomah County District Attorney to determine whether criminal charges should be brought.[1] We stated:

"Turning to the investigation report, we do not need to decide whether the report would be exempt from disclosure under [ORS 342.850(8)] if it were kept only in the relevant employees' personnel files. As noted, the district gave the report to the Multnomah County District Attorney to be used to determine whether to prosecute the affected employees for their alleged misuse and theft of district property. By distributing the report to people outside the district for purposes other than internal discipline, the report lost its character as a confidential personnel record,

---

[1] The legislature renumbered ORS 192.502 and ORS 342.850 in 1997. Or Laws 1997, ch 825, § 1; Or Laws 1997, ch 864, § 9. We refer to the renumbered provisions throughout this opinion.

ORS 192.502(9) exempts from disclosure

"[p]ublic records or information the disclosure of which is prohibited or restricted or otherwise made confidential or privileged under Oregon law."

ORS 342.850(8), in turn, provides that a public school teacher's personnel file

"shall be open for inspection by the teacher, the teacher's designees and the district school board and its designees. District school boards shall adopt rules governing access to personnel files, including rules specifying whom school officials may designate to inspect personnel files."

The district has adopted rules governing access to the personnel files of the school personnel involved in this case, and those rules restrict public access to the files. *See* Portland Public School Policies and Regulations §§ 5.20.110, 5.20.111.

assuming that it otherwise had that character. Consequently, the report is not exempt as a confidential personnel record under [ORS 192.502(9)] and [ORS 342.850(8)]."

144 Or App at 186-87. We concluded that the investigation report had been submitted to the District Attorney based, in part, on a colloquy that we had had with the district's counsel at oral argument that led us to that conclusion.

On reconsideration, the district argues that we erred in reaching that conclusion because the record, when viewed in its proper context, establishes that the report was submitted to the District Attorney for review only in response to plaintiffs' petition under the public records inspection law. *See* ORS 192.480. After reexamining the record, we agree with the district's position. Consequently, we withdraw that portion of our opinion that concludes that the report was submitted to the District Attorney for his determination on whether to prosecute the affected individuals. We affirm the trial court, however, on different grounds.

The trial court concluded that the district had waived its right to withhold the investigation report as a confidential personnel record because the district had disclosed the report's contents at an unemployment compensation hearing for one of the affected district employees. The district makes three arguments in opposition to that ruling. First, it argues that waiver is not identified in the public records inspection law as a ground on which a public agency can lose its authority to withhold otherwise exempt public records from disclosure. Hence, waiver does not apply to the disclosure of exempt records. Second, it contends that the district cannot waive the exemption for records of the kind at issue here, because the privilege against disclosure belongs to the affected individuals and not to the district. Third, it contends that its actions did not constitute a waiver of its authority to withhold the disputed record.

■ We turn to the first issue. In briefing it, the parties have focused on federal cases under the Freedom of Information Act (FOIA). It is appropriate to look to the FOIA for guidance on the issue, because Oregon's public records inspection law is modeled after it and comparable state laws.[2]

_____

[2] *See, e.g., Marks v. McKenzie High School Fact-Finding Team*, 319 Or 451, 458, 878 P2d 417 (1994).

Notwithstanding that there is no provision in the FOIA that specifically addresses waiver, federal courts have concluded that federal agencies can act in ways that waive their authority to withhold records that are exempt from disclosure under the FOIA.[3] They have reached that conclusion under the common law of waiver, under which people and entities can waive rights by voluntarily relinquishing them.[4]

We conclude that waiver applies to exempt records under the Oregon law. We base that conclusion on both the implicit reasoning of the FOIA cases and on OEC 509 and 511, which address the waiver of the testimonial privilege that public officials have not to disclose information from exempt public records.

OEC 509 provides that a

"public officer shall not be examined as to public records determined to be exempt from disclosure under ORS 192.501 to 192.505."

That provision is an important adjunct to the public records law, because, without it, exempt records arguably could be required to be disclosed through testimony by public officials about them.

OEC 511, in turn, provides, in relevant part, that a

"person upon whom [OEC 503 to OEC 514] confer a privilege against disclosure of the confidential matter or communication waives the privilege if the person or person's predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication. This section does not apply if the disclosure itself is a privileged communication."

---

[3] *See, e.g., North Dakota ex rel Olson v. Andrus*, 581 F2d 177 (8th Cir 1978); *Shell Oil Co. v. IRS*, 772 F Supp 202 (D Del 1991); *Lawyers Committee for Human Rights v. INS*, 721 F Supp 552 (SDNY 1989); *Education / Instruccion, Inc. v. United States*, 471 F Supp 1074 (D Mass 1979).

[4] *See, for example,* the cases cited in note 3 above. Although courts have not addressed the issue directly, we assume that they have applied waiver to the FOIA on the ground that waiver is a generally applicable legal principle, so Congress would not be expected to make waiver expressly applicable to the FOIA in order for it to apply. No case of which we are aware has questioned the proposition that waiver applies to the FOIA.

That section provides that the privilege in OEC 509 against disclosure of information from exempt public records can be waived under certain circumstances. In the light of those OEC provisions, in which the legislature made the general policy on waiver of testimonial privileges applicable to the privilege against disclosure of information from exempt records, we conclude that the legislature expected waiver principles to apply to the records themselves. Our conclusion is consistent with that reached by courts under the FOIA, which have held that the government can waive its right to withhold exempt records even though there is no express provision on waiver in the FOIA.[5]

■     The district also contends that it could not waive the applicable exemption against disclosure of the disputed report, because the privilege against disclosure belongs to the affected individuals. Under some circumstances, federal courts have concluded that the source of confidential information submitted to a public agency may be entitled to claim a privilege against disclosure of that information under the FOIA.[6] The Supreme Court's decision in *Guard Publishing Co. v. Lane County School Dist.*, 310 Or 32, 791 P2d 854 (1990), implies, however, that the Oregon law does not give anyone other than public bodies the right to withhold exempt public records.

*Guard Publishing* involved a dispute over disclosure of the names and addresses of replacement teachers who had been hired by a school district during a strike. In its background discussion of the Oregon law, the court stated that

"[a]n individual claiming an exemption from disclosure must *initially show* a public body that the exemption is legally and factually justified. *See Jordan v. MVD*, [308 Or 433, 443 n 9, 781 P2d 1203 (1989)]. If the public body is satisfied that a claimed exemption from disclosure is justified, it may, *but is not required to*, withhold disclosure of [exempt] information."

---

[5] *See, e.g., Washington Post Co. v. US Dept. of Air Force*, 617 F Supp 602 (DDC 1985); *Peck v. United States*, 514 F Supp 210 (SDNY 1981). *See* note 4 above.

[6] *See, e.g., United Technologies Corp. v. NLRB*, 777 F2d 90, 95-96 (2d Cir 1985).

*Id.* at 37-38 (emphasis in original; footnotes omitted). In an accompanying footnote, the court explained that

> "ORS 192.502 does not prohibit disclosure of exempted information. Exemption means merely that the public body is not obligated to disclosure under ORS 192.420. *See Portland Adventist Medical Center v. Sheffield,* 303 Or 197, 199 n 2, 735 P2d 371 (1987); *see also Jordan v. MVD, supra,* 308 Or at 444 (Gillette, J., concurring). The legislature has used unambiguous language when it desired to prohibit the release of information. *See, e.g.,* ORS 314.835 (prohibiting disclosure of tax information) and ORS 314.991(2) (making violation of ORS 314.835 a felony); ORS 418.770(3) (governing the confidentiality of child abuse reports and investigations) and ORS 418.990(6) (making violation of ORS 418.770(3) punishable by a fine)."

*Id.* at 38 n 6.

In the light of that discussion, we conclude that it is the district, and not the affected individuals, that has the right to withhold the disputed report under the public records inspection law. Consequently, the district can waive its right to do that.

■ Applying waiver to this case, the district contends that the disclosure at the unemployment compensation hearing of information *from* the report did not waive the exemption in ORS 342.850(8) against disclosure *of* the report. It cites several FOIA cases as support for its position. Plaintiffs, in turn, cite other FOIA cases that they contend support the proposition that disclosure of a summary of a report or of a significant portion of the information in one can result in waiver of an applicable exemption.

A number of the federal cases that have applied restrictive principles on waiver have involved information from confidential law enforcement sources or grand jury proceedings.[7] Because of the nature of that information, courts understandably would be reluctant to apply an expansive waiver principle to disclosures of it. In contrast, the cases on which plaintiffs rely have involved less sensitive information,

___

[7] *See, e.g., Davis v. US Dept. of Justice,* 968 F2d 1276 (DC Cir 1992); *Ferguson v. FBI,* 957 F2d 1059 (2d Cir 1992); *Garside v. Webster,* 733 F Supp 1142 (SD Ohio 1989).

which may explain why the courts have applied a more expansive approach to waiver in those cases.[8] Taken together, the FOIA cases suggest that there is no blanket principle that applies to waiver under the FOIA.

■     We also conclude that there is no blanket principle that applies to waiver under the Oregon public records inspection law. We recognize, however, that the Oregon law reflects a " 'strong and enduring policy that public records and governmental activities be open to the public.' " *Guard Publishing*, 310 Or at 39 (quoting *Jordan*, 308 Or at 438). Application of waiver to a claimed exemption of a public record from disclosure should be consistent with that policy.[9]

Here, the investigating officer, Sergeant Leedom, testified at the unemployment hearing and gave a detailed account of the results of his investigation into the alleged misuse of district property. That testimony disclosed substantially all of the information in the investigation report. Leedom's testimony, in turn, is available to the public.[10] Under those circumstances, we conclude that Leedom's testimony waived the exemption under ORS 342.850(8) against disclosure of the investigation report.[11]

The dissent disagrees with that conclusion, reasoning that Leedom's disclosure of what he had learned as a result of his investigation did not constitute disclosure of what he had said in his report about it, even though the information that he disclosed in his testimony is equivalent to the

---

[8] *See, e.g., Washington Post Co. v. US Dept. of Air Force*, 617 F Supp 602 (DDC 1985); *Peck v. United States*, 514 F Supp 210 (SDNY 1981).

[9] OEC 511 provides support for that principle as well. As noted earlier, it provides that the privilege against testimony by public officials about exempt records is waived if the official "voluntarily discloses * * * any significant part of the matter or communication." If that policy on waiver applied to the exemptions for the public records themselves, it would make Oregon law on waiver consistent with the more expansive approach to waiver taken by some courts under some provisions of the FOIA.

[10] *See* OAR 471-010-0056(3) (hearing transcript of unemployment compensation hearing available to any person who files a written request and pays the required fee).

[11] The parties raised no issue about whether Leedom's testimony constituted a disclosure by the district, so we do not address that issue. Also, we assume, for these purposes, that the investigation report is a record that is exempt from disclosure under ORS 342.850(8) and ORS 192.502(9).

information in his report. The public records inspection law is intended to give the public the means to scrutinize the work of public agencies and officials. It, and the public meetings law, ORS 192.610 - 192.710, provide the basic means by which the public can demand information about public business. The statutory exemptions to those laws are designed to shield certain information against compelled public disclosure, on the ground that disclosure of the *information* will have adverse consequences.

The exemption that protects materials in teacher personnel files against disclosure shields information on the evaluation and discipline of teachers from public scrutiny. *See* ORS 342.850. Because the only source for much of that information is the personnel files, denying the public access to the files serves, and is intended to serve, to deny the public access to the information. Here, the effect of the exemption would be to deny the public any information about Leedom's investigation of the affected school employees, because, as a practical matter, there is no source outside the personnel files from which the public could demand that information.[12] The district chose, however, to disclose the information that Leedom had collected about the conduct of the affected employees. By doing that, the district intentionally disclosed to the public information that ORS 192.502(9) and ORS 342.850(8) gave it the right to withhold from the public. Because it chose to do that, it waived its right to use those statutes to shield the information from the public.

Finally, the district submitted a memorandum of additional authorities on its reconsideration petition in which it cited ORS 192.502(10) as support for its contention that disclosure of information from the report to other public bodies, such as the Employment Department, did not waive the applicable exemption against disclosure of the report.

---

[12] The dissent notes that there are sources other than Leedom's report for the information in it, and that placing the report in the personnel files did not affect the public's right to get information from those sources. Significantly, however, the public has no *right* to get the information from any of the sources identified by the dissent, because there is no means by which the public can compel the identified sources to disclose the information. Hence, the public's ability to evaluate the conduct at issue depends on whether the public can require the district to disclose Leedom's report.

ORS 192.502(10) provides that, if a public body discloses confidential public records or information to another "public officer or public body in connection with the performance of the duties of the recipient," the records or information are exempt from disclosure

"if the considerations originally giving rise to the confidential or exempt nature of the public records or information remain applicable."

That provision appears to be intended to permit a public entity that receives exempt information to treat the information as exempt and, hence, not subject to disclosure by it, even though the original exemption does not apply to the information in the possession of the recipient agency. For example, the district claimed an exemption for the investigation report on the ground that it was a record kept in the relevant personnel files of its employees. ORS 192.502(9); ORS 342.850(8). If the district had submitted the report to the Employment Department as an exhibit at the unemployment compensation hearing for one of the affected employees, the record would become, from the perspective of the Employment Department, a record in an unemployment compensation file. Arguably, if the Employment Department received a request to inspect the record, it could not claim an exemption from disclosure under ORS 342.850(8) and ORS 192.502(9), as the district might, because, in the possession of the Employment Department, the record is not a record in an employee's personnel file. In that circumstance, ORS 192.502(10) operates to maintain the confidentiality of the record while it is in the possession of the Employment Department, as long as

"the considerations giving rise to the confidential or exempt nature of the public [record] * * * remain applicable."

■    Even if ORS 192.502(10) were applicable to this case, which involves a disclosure request to the district rather than to the Employment Department, the information contained in the investigation report was disclosed under circumstances that did not satisfy the statute's requirements. That is because the information disclosed by Leedom from the report is available to the public.[13] Consequently, it lost

---

[13] *See* OAR 471-010-0056(3).

whatever confidential character it had as information in the personnel files of the affected employees.

Reconsideration allowed. Former opinion modified and adhered to as modified.

**EDMONDS, J.,** dissenting.

On reconsideration, the majority holds that we erred when we held that the investigation report had been submitted to the district attorney for purposes of prosecution rather than for review in response to plaintiff's petition for inspection under the public records law. I agree with that holding. However, I disagree with the majority's ultimate holding that the district waived its right to withhold inspection of the report under ORS 342.850(8)[1] by permitting the investigator, who prepared the report, to testify about some of the information in the report at a unemployment compensation hearing. As explained below, no waiver occurred.

The crucial fact on which the analysis of this issue turns is the fact that Leedom's testimony at the unemployment compensation hearing was not based on his report that was in the district's personnel files. Leedom had personally conducted the investigation. At the hearing, he testified from his memory about his investigation. His report was not offered into evidence, and he did not have the report before him when he testified. In other words, his testimony was based on recollections derived from personal observations and investigation, not unlike the testimony of any other witness to the same events.

In that factual context, I turn to the language of the applicable statutes and the concept of "waiver." ORS 342.850(8) provides:

"The personnel file shall be open for inspection by the teacher, the teacher's designees and the district school board and its designees. District school boards shall adopt rules governing access to personnel files, including rules specifying whom school officials may designate to inspect personnel files."

---

[1] In 1997, the legislature renumbered ORS 192.502, Or Laws 1997, ch 825, § 1, and ORS 342.850, Or Laws 1997, ch 864, § 9. We refer to the renumbered provisions throughout this dissent.

After Leedom prepared a report of his investigation, it was submitted to the district. The district placed the report in the personnel files of the teachers who were the subject of the investigation. The district has promulgated rules in accordance with ORS 342.850(8) that do not authorize public access to its personnel files. *See* Portland Public School Policies and Regulations, §§ 5.20.110, 5.20.111. ORS 192.502(9) exempts such records from public inspection under the Public Records Law. Thus, the report as a source of information became exempt from public inspection as a result of the operation of the above statutes and rules and the district's act of placing it in the personnel files.

In general, there must be an intentional relinquishment of a known right, manifested in an unequivocal manner, to make out a waiver of a legal right. *Waterway Terminals v. P.S. Lord*, 242 Or 1, 26, 406 P2d 556 (1965). "Although a waiver must be intentional, there is no particular formula for determining whether a waiver has occurred." *State v. Hunter*, 316 Or 192, 201, 850 P2d 366 (1993). Whether a waiver occurs will depend on the particular circumstances of each case. *State v. Meyrick*, 313 Or 125, 132, 831 P2d 666 (1992). In this case, the "known right" is the statutory right of the district to keep the items in its personnel files exempt from disclosure to the public. There is no evidence that the district intentionally waived its right regarding the report or the files themselves by making them public. At most, the district made public the same information that was in the report and the files.

Whether the district's conduct constitutes a "waiver" of the district's statutory authority to exempt personnel files from public inspection depends on the nature of the events about which information was elicited at the unemployment compensation hearing and the source of that information. The events reported in the investigative report and Leedom's investigation of them are not confidential matters under the applicable statutes and rules, nor does information about them become cloaked with confidentiality because the district has filed a report about them in the personnel files. The information about those events was available to anyone who was privy to them, and the testimony about the events at the

hearing is public information. Rather, what is made exempt from public disclosure under the statutes and the rules is Leedom's report about the events. It became an exempt source for public disclosure because the district placed it in the teachers' personnel files.

Additionally, other sources of information about the events are not cloaked with confidentiality by the statutes and the rules. They do not make the information in the files generally privileged or confidential so that the information cannot be obtained from other sources. Again, ORS 342.850(8) says only that the district shall adopt "rules governing access to personnel files." Thus, the mere fact that the district chose later to elicit testimony from Leedom without reference to the report at the hearing does not lead to a conclusion that the district manifested an intent to waive the exempt status of the report. Rather, it shows the procurement of nonconfidential information from a source that is not mentioned in the applicable statutes and rules. Because no part of the personnel files of the subject teachers was introduced into evidence or used at the unemployment compensation hearing and the use of information in the hearing came from a source who did not have to depend on the contents of the personnel files, there was no manifestation by the district in an unequivocal manner that it intended to relinquish its statutory right to refuse to permit public access to parts to the files themselves.

The majority's contrary reasoning results in an interpretation of the reach of ORS 342.850(8) that goes beyond the text and context of the statute and that will, in effect, make information, which was nonconfidential when acquired by third persons, become confidential because of the filing of a report in a personnel file. The majority is correct that there is no blanket principle or case law that compels a finding of waiver under ORS 342.850(8). Instead, it relies on a policy that favors information about public records and governmental activities being open to the public. However, the majority's policy argument fails to account for the fact that the legislature has created a specific exemption from public disclosure for just these kinds of public records. In other words, there is a countervailing policy of confidentiality for

teacher personnel records, which suggests that any purported waiver should be scrutinized carefully in the furtherance of maintaining the exempt status of the records from public inspection.

Even if it can be said that the text of the statute is reasonably susceptible to an extension beyond its express terms to make information contained in personnel files confidential for all district purposes, regardless of the source of the information, whether there has been a "waiver" of a statutory right in this case remains a fact-bound inquiry. There is no evidence that the district contemplated the waiver of its statutory right to keep the files exempt. It can only be said to have done so as a result of using Leedom as a witness to testify at the hearing, a waiver that could only occur by operation of law. In fact, Leedom and the district did not rely on the exempt report as a source of its evidence at the unemployment compensation hearing. When that fact is held up against a legal standard that requires an unequivocal manifestation of the relinquishment of a known right, it can hardly be said, in my view, that the standard has been met.

For these reasons, I dissent.