Argued and submitted June 3, reversed in part; otherwise affirmed
September 30, 1998

SPRINGFIELD SCHOOL DISTRICT #19,
*Appellant,*

*and*

SPRINGFIELD EDUCATION ASSOCIATION,
*Intervenor,*

*v.*

GUARD PUBLISHING COMPANY,
an Oregon corporation,
dba Register-Guard,
*Defendant,*

*and*

ABC, INC.,
a New York corporation,
dba Springfield News,
*Respondent.*

(16-97-00756; CA A99114)

967 P2d 510

Bruce L. Campbell argued the cause for appellant. With him on the briefs was Miller, Nash, Wiener, Hager & Carlsen LLP.

Jack L. Orchard argued the cause for respondent. With him on the brief was Ball Janik.

Before Riggs, Presiding Judge pro tempore, and Landau and Wollheim, Judges.

RIGGS, P. J. pro tempore.

## RIGGS, P. J. pro tempore.

In this declaratory judgment action, plaintiff Springfield School District No. 19 (the district) appeals from a judgment of the trial court that defendant Guard Publishing Co., dba "Register-Guard," and defendant ABC, Inc., dba "Springfield News" (defendants), are entitled to disclosure of documents pertaining to the discipline of a former principal and a current teacher. The district's position is that the documents are personnel records exempt from disclosure under the Public Records Act, ORS 192.410 to ORS 192.505 and ORS 342.850. The trial court ruled, however, that the documents are not exempt from disclosure and further ruled, in the alternative, that the district had waived any applicable exemption. We conclude that the trial court erred in holding that the documents are not exempt from disclosure but affirm the trial court's holding that the district waived its exemption with regard to two of the documents. Accordingly, we reverse the trial court in part.

In October 1996, the district commenced an investigation of charges against three staff members at Thurston High School, Weiseth, a teacher and volleyball coach, Bachman, the athletic director and assistant principal, and Hill, the principal. As a result of the investigation, Hill was terminated, Weiseth resigned his position in lieu of termination, and Bachman was temporarily reassigned to an assistant principal position at a middle school. In January 1997, Bachman was reinstated as high school athletic director and assistant principal.

In December 1996, defendants asked the district to produce records related to the investigation. The district claimed that the documents were exempt from public disclosure. Ultimately, in response to an order of the Lane County District Attorney, the district released in redacted form the letters charging Hill and Weiseth, and began this proceeding seeking a determination that the remaining documents are not subject to disclosure. At issue on appeal are eight documents relating to the discipline of Hill (Documents 43 and 44) and Bachman (Documents 111, 111A, 114, 114A, 116 and 116A).

Under Oregon's public records inspection law, ORS 192.310 *et seq.*, all public records of a public body are subject to inspection, "except as expressly provided by ORS 192.501 to 192.505." A public record is "any writing containing information relating to the conduct of the public's business." ORS 192.410(4). There is no dispute that the records sought by defendants are public records within that definition. The first issue on appeal is whether the records fall within some exception set forth in the public records law. The district claims that the documents are exempt from disclosure under ORS 192.502(9) and ORS 342.850(8).[1] ORS 192.502(9) exempts from public disclosure "[a]ny public records or information the disclosure of which is prohibited or restricted or otherwise made confidential or privileged under Oregon law." ORS 342.850(8) provides, in turn:

> "[A teacher's] personnel file shall be open for inspection by the teacher, the teacher's designees and the district school board and its designees. District school boards shall adopt rules governing access to personnel files, including rules specifying whom school officials may designate to inspect personnel files."

The district's rules regarding personnel files do not permit public access to teacher personnel files. They provide that teacher personnel records are confidential and restrict access to a few district employees. In *Oregonian Publishing v. Portland School Dist. No. 1J*, 144 Or App 180, 185-86, 925 P2d 591 (1996), *on recons* 152 Or App 135, 952 P2d 66, *rev allowed* 327 Or 173 (1998), we held that ORS 342.850(8) comes within the "catchall exemption" of ORS 192.502(9), and that confidential personnel records held in school district files are exempt from public disclosure.

Most exemptions from disclosure under the Public Records Act are conditional, depending on a balancing of the confidentiality interest against the public interest in disclosure.[2] The exemption provided by ORS 192.502(9) is not similarly qualified: If disclosure of the document is restricted or

---

[1] At the relevant time, the statutes were numbered ORS 192.502(8) and ORS 342.850(7). They were renumbered by the legislature in 1997. Or Laws 1997, ch 825, § 1; Or Laws 1997, ch 864, § 9. We refer to the renumbered provisions.

[2] ORS 192.501 ( "The following public records are exempt from disclosure * * * *unless the public interest requires disclosure in the particular instance.*"); ORS

otherwise made confidential or privileged under Oregon law, it is absolutely exempt from disclosure. The statute does not provide for a balancing of the public's interest in disclosure. *See Attorney General's Public Records and Meeting Manual* 18 (1995).

At trial, the parties also debated the applicability of ORS 192.501(12), which provides for exemption from public disclosure of "personnel discipline action, or materials or documents supporting that action," *unless the public interest requires disclosure in the particular instance.* The exemption under ORS 192.501(12) requires consideration of the public interest in disclosure. The trial court viewed the records involved here as conditionally exempt documents relating to a disciplinary action under ORS 192.501(12) and applied the balancing test of that statute, concluding that the public interest in disclosure outweighed the district's interest in confidentiality.

■ Defendants have apparently abandoned their argument made at trial that because the disputed documents relate to discipline they are exempt from disclosure only under ORS 192.501(12) and not as personnel records under ORS 342.850(8). The district does not claim exemption under ORS 192.501(12). Defendants do not dispute that the records are kept in personnel files of the district and are potentially protected from disclosure by ORS 342.850(8). They contend, however, that the trial court correctly held that the district failed to maintain the confidential nature of the records when it selectively disclosed information related to the investigation: The district commented publicly concerning Bachman

---

192.502(1) (exemption of communications within a public body of an advisory nature preliminary to any agency determination of policy or action does not apply unless the public body shows that in the particular instance the public interest in encouraging frank communication between officials and employees of public bodies clearly outweighs the public interest in disclosure); ORS 192.502(2) (exemption of records of a personal nature available "if the public disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance"); ORS 192.502(3) (exemption for public body employee or volunteer addresses and telephone numbers contained in personnel records does not apply if the party seeking disclosure shows by clear and convincing evidence that the public interest requires disclosure in a particular instance); ORS 192.502(5) (information or records of the Department of Corrections are exempt from disclosure "to the extent that disclosure thereof would interfere with the rehabilitation of a person in custody * * * if the public interest in confidentiality clearly outweighs the public interest in disclosure").

by providing general information concerning his suspension, reassignment and reinstatement. The district released charging instruments against Hill and Weiseth. Defendants assert that the district's partial disclosure to the public altered the confidential nature of the documents in Hill's and Bachman's personnel files, and that the public now "has a right to complete and accurate information concerning the subject of the disclosure."

We reject defendants' contention. The fact that the district disclosed some information to the public does not alter the confidential status of the documents not disclosed. Just as the district cannot make otherwise public information confidential by placing it in a personnel file, *Oregonian Publishing*, 144 Or App at 186, the district's disclosure of some information contained in a personnel file does not make all documents in that file public information. The documents in the personnel files of Bachman and Hill that were not disclosed were confidential records unconditionally protected from disclosure under ORS 324.850(8).

Defendants also contend that the district waived any applicable exemption from disclosure by publicly releasing the charging letters against Hill and Weiseth. Although those documents were not marked as exhibits at trial, the parties agree that the trial court has read them and that they are part of the record. The facts are undisputed, and we review the trial court's ruling as a matter of law.

In *Oregonian Publishing*, we considered whether reports of misconduct of school district employees were exempt as confidential personnel records under ORS 192.502(9) and ORS 342.850(8). We held that the district had waived its right to withhold the investigation report as a confidential personnel record because it had disclosed the contents of the report at an unemployment compensation hearing for one of the affected employees. In the process of reaching that conclusion, we made holdings about waiver of exemptions of public records disclosure.

We concluded, first, that a school district can waive its right to withhold exempt records from public disclosure. *Oregonian Publishing*, 152 Or App at 140. We further held, relying on the Supreme Court's decision in *Guard Publishing*

*Co. v. Lane County School Dist.*, 310 Or 32, 791 P2d 854 (1990), that the privilege against disclosure of exempt public records belongs to the public body holding the documents, in this case the district, rather than to the affected individuals. Consequently, it is the district that must waive the exemption. *Oregonian Publishing,* 152 Or at 141. Finally, we concluded in *Oregonian Publishing* that the disclosure of a summary of a report or of a significant portion of the *information* in a confidential report can result in a waiver of the applicable exemption. *Id.* at 142. The document itself need not have been disclosed to give rise to waiver, if the information contained in the report is equivalent to the disclosed information. *Id.* at 143.

██ With those holdings in mind, we turn to the facts of this case. The district disclosed the charging letters against Weiseth and Hill. Those letters described in detail the circumstances of the district's investigations and the findings of misconduct against Weiseth and Hill. The documents now sought are of a different nature but are, for the most part, based on the same factual circumstances. They include October 1995 redacted findings and recommendations of the school district's attorney concerning Hill, redacted versions of the Bachman charging letters, Bachman's response, and the Bachman disciplinary letters.

Defendants assert that the letter charging Hill incorporated material related to Bachman, and that by releasing the Hill charging letter the district waived any exemption it might have had from disclosure of the requested documents. We agree with defendants and with the trial court that the district waived its exemption with regard to Document 43, the investigative report of the school district's attorney related to Hill's conduct. A comparison of Document 43 with the letter charging Hill reveals that the letter made reference to the incidents described in Document 43 and also described the circumstances outlined in Document 43 that gave rise to the discipline. The district has therefore waived its exemption from disclosure with regard to Document 43. Document 44 is the district's reprimand of Hill in November 1995, also referred to in the letter charging Hill. It is not a part of the sealed record on appeal, so we cannot review the

trial court's determination that the district also waived its exemption with regard to Document 44.

The other documents in dispute relate to the charging and discipline of Bachman. Again, defendants argue that the district's release of the Hill letter disclosed much of the information contained in the Bachman documents and for that reason, the district waived any possible exemption from disclosure with regard to those documents. We have examined the Bachman documents, Documents 111 and 111A, 114 and 114A and 116 and 116A; and conclude that, although they describe many of the same events recited in the letter charging Hill, their context is different. The letter charging Hill described the events leading up to the district's decision to discipline him and is written from the district's perspective of Hill's duties and responsibilities as principal. Although Bachman's name is mentioned several times in the Hill letter, the references to Bachman are in passing and not for the purpose of implicating Bachman's conduct or determining his responsibility. The letters charging and disciplining Bachman are written from the district's perspective of Bachman's conduct, duties and responsibilities as athletic director and assistant principal. Further, Bachman's responses to the charging letters reflect his own view of the events and the charges made by the district, and have not previously been disclosed. We conclude that the information disclosed by the district did not waive the district's absolute exemption from disclosure of the Bachman documents, Documents 111, 111A, 114, 114A and 116 and 116A.

Declaratory ruling requiring public disclosure of Documents 111, 111A, 114, 114A, 116 and 116A reversed; otherwise affirmed.