Argued and submitted November 30, 1998, affirmed October 27, 1999

CITY OF PORTLAND,
a municipal corporation,
*Appellant,*

*v.*

David ANDERSON
and The Oregonian,
*Respondents.*

(9711-09411; CA A101699)

988 P2d 402

Frank Hudson, Deputy City Attorney, argued the cause for appellant. With him on the briefs was Jeffrey L. Rogers, City Attorney.

Charles F. Hinkle argued the cause for respondents. With him on the brief were David E. Van't Hof and Stoel Rives LLP.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer,* Judge.

BREWER, J.

Deits, C. J., concurring.

---

* Brewer, J., *vice* Warden, S. J.

## BREWER, J.

Plaintiff, City of Portland, appeals from summary judgment in favor of defendants David Anderson and *The Oregonian* in an action in which plaintiff sought to prevent disclosure of public records. Plaintiff assigns error to the trial court's grant of defendant's motion for summary judgment and its denial of plaintiff's motion for summary judgment. We affirm.

In reviewing the trial court's grant of summary judgment, we determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 325 Or 404, 408-15, 939 P2d 608 (1997). We state the facts in the light most favorable to the party opposing the motion, in this case plaintiff. *Double Eagle Golf, Inc. v. City of Portland*, 322 Or 604, 606, 910 P2d 1104 (1996).

Defendants sought to review documents pertaining to a disciplinary investigation and action that the Portland Police Bureau (the Bureau) took against Captain John Michael Garvey. Allegations against Garvey included conducting private business on police time, improper use of police telephones, improper use of a police office, and off-duty use of an escort service allegedly involving prostitution. The grand jury returned a not-true bill regarding the prostitution allegations. Garvey was eventually disciplined only for his off-duty involvement with the escort service.

In November 1997, after running several articles detailing the allegations, defendants requested that the Multnomah County District Attorney direct plaintiff to disclose the records of the investigation and discipline pursuant to ORS 192.490(1). The district attorney did so, and plaintiff petitioned the Multnomah County Circuit Court to reverse that decision. The court granted summary judgment for defendants and ordered plaintiff to disclose the transcripts of Garvey's interviews, an analysis of the allegations and determination of whether they were sustained, a summary the city relied upon to dispose of the matter, a letter to Garvey from the police chief outlining the sanctions imposed, a grievance

Garvey filed against the Bureau, and a letter describing modified sanctions.

On appeal, plaintiff argues that the trial court erred, because the records were exempt from disclosure under the "personnel discipline actions" and "information of a personal nature" exceptions to the public records law. ORS 192.501(12); ORS 192.502(2). We address each claim of exemption in turn.

■■ The general rule in Oregon with respect to public records favors disclosure. ORS 192.420 ("Every person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided * * *."); *MacEwan v. Holm et al*, 226 Or 27, 48, 359 P2d 413 (1961) (records should be "subject to inspection unless there are circumstances justifying nondisclosure"). However, "[t]he agency initially and the courts ultimately * * * determine" whether disclosure is required if an exemption applies. *Jordan v. MVD*, 308 Or 433, 440, 781 P2d 1203 (1989).

■ We first determine whether the requested material constitutes "personnel discipline" records within the meaning of ORS 192.501(12), which exempts from disclosure records of "[a] personnel discipline action, or materials or documents supporting that action." Plaintiff bears the burden of showing that the records fit into the exemption, which is to be narrowly construed. *Oregonian Publishing v. Portland School Dist. No. 1J*, 144 Or App 180, 184, 925 P2d 591 (1996), *adhered to as mod* 152 Or App 135, 952 P2d 66 (1998), *aff'd on other grounds* 329 Or 393, 987 P2d 480 (1999). The Oregon Supreme Court has determined that "personnel discipline" does *not* refer to "the entire process from the initial question or complaint through a final conclusion." *City of Portland v. Rice*, 308 Or 118, 122, 775 P2d 1371 (1989). Instead, it means "the completed process and the sanction of discipline imposed upon a public employee." *Id.* at 123. Here, the records contain limited investigatory material about several allegations, not all of which resulted in a sanction. Those records that do not relate to conduct that resulted in disciplinary sanctions do not qualify for exemption.[1] *Id.* at 124 (no exemption for police

---

[1] Plaintiff asserts in its opening brief that it has released all documents ordered disclosed except those related to the off-duty sexual conduct for which

bureau investigatory records "which did not result in any disciplinary sanction"). However, all of the documents relating to allegations for which the Bureau actually disciplined Garvey do fall within the ORS 192.501(12) exemption.

■ Nevertheless, the exemption does not apply if the "public interest requires disclosure in the particular instance." ORS 192.501. Because the records of allegations ultimately resulting in discipline fall into an exempt category, defendants must demonstrate that disclosure is in the public interest. Plaintiff urges us to shield from disclosure the materials pertaining to the off-duty allegations, because the conduct involved was "non-criminal"—a conclusion it apparently draws from the fact that the grand jury declined to indict Garvey on prostitution charges, as well as from the fact that patronizing an escort service is not *per se* illegal. We decline to do so.

Garvey is a high-ranking police officer. The public has a legitimate interest in confirming his integrity and his ability to enforce the law evenhandedly. The police investigation that resulted in discipline concluded that Garvey had engaged in sexual conduct through an escort service that may serve as a front for prostitution. That information bears materially on his integrity and on the risk that its compromise could affect the administration of his duties. We conclude that the public interest compels disclosure and that ORS 192.501(12) does not apply to this case.[2]

■ Plaintiff next argues that the trial court erred in not withholding the records under ORS 192.502(2), which exempts from disclosure

---

Garvey was disciplined. However, defendants correctly point out that the records ordered disclosed are not limited to those relating to the off-duty sexual conduct. Defendants contend they have no way of knowing what information is contained in the records reviewed *in camera* by the trial court and that it ordered disclosed.

[2] This case is before us on cross-motions for summary judgment. In its opening brief, plaintiff asserts that there are no genuine issues of material fact. Plaintiff then contends in its reply brief that there *is* an issue of material fact: namely, whether Garvey engaged in "serious or criminal misconduct." The serious nature and implications of the allegations, together with the fact that they resulted in discipline, are decisive in this case. The outcome does not depend on whether Garvey actually engaged in "serious or criminal mischief." Therefore, there is no genuine issue of *material* fact in dispute.

"[i]nformation of a personal nature such as but not limited to that kept in a personal, medical or similar file, if the public disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance."

The personal interest exemption

"requires answers to three questions—whether the information is of a personal nature, whether disclosure unreasonably invades privacy, and whether the public interest nonetheless requires disclosure. The first and second questions must be answered affirmatively as a threshold matter in order to make relevant the remaining question * * *." *Jordan*, 308 Or at 440.

The party seeking disclosure bears the burden of proof by a preponderance of the evidence on the first two questions. *Guard Publishing Co. v. Lane County School Dist.*, 310 Or 32, 38, 791 P2d 854 (1990). If the answer to both questions is "yes," then the party seeking disclosure must show, by clear and convincing evidence, that the public interest nonetheless demands disclosure. *Id.*

■     Plaintiff first argues that the records pertaining to Garvey's off-duty sexual conduct are personal in nature. The statutory term, "information of a personal nature" has an ordinary, generic meaning. *Jordan*, 308 Or at 441. In *Jordan*, the Supreme Court embraced the following dictionary definitions:

"Webster's Third New International Dictionary, at 1686 (Unabridged 1971), defines 'personal' as meaning '1: of or relating to a particular person: affecting one individual or each of many individuals: peculiar or proper to private concerns: not public or general * * * (*personal* baggage): * * * 6: exclusively for a given individual (a *personal* letter) * * *.' " *Id.* (Emphasis in original.)

The court held that a vehicle owner's address in the Motor Vehicle Division's records constituted information of a personal nature. In spite of the fact that the information was contained in a public record containing over two million such entries, the court nonetheless concluded that MVD could determine that it was of a personal nature because it was

information specific to one individual. The court also held that the first question under ORS 192.502(2) does not focus on whether the information should be protected as private; rather, we merely inquire whether the records sought fall within the "generic definition" of personal information. *Id.*

■ As we have already observed, the records in this case, although relating to a specific individual, also have a bearing on his qualification to serve in a position of public trust. The tension between individually specific information and its reflection on matters of public concern is also present in the dictionary definition of the word "personal" endorsed by the court in *Jordan.* On the one hand, "personal" means "relating" to a particular person. On the other hand, "personal" means "peculiar or proper to private concerns: not public or general." Although the disputed records in this case pertain specifically to Garvey, they do not affect him exclusively and are not peculiar to his private concerns. We therefore conclude that they do not constitute information of a personal nature.

■ However, even if the records sought did constitute personal information, their disclosure would not unreasonably invade individual privacy. The implications of Garvey's conduct transcend his claim to privacy. By imposing a disciplinary penalty against him for that conduct, plaintiff has already determined that Garvey's conduct is relevant to his position in the Portland Police Bureau. In that respect, this case shares significant factual elements with *Oregonian Publishing.*[3] There, the personal information exemption was held inapplicable to a personnel investigation into alleged employee theft and misuse of school property, because disclosure did not unreasonably invade the employees' privacy. 144 Or App at 187-88.[4] No criminal charges were filed and the

---

[3] The Supreme Court affirmed our decision in *Oregonian Publishing,* reasoning that the content of the records involved a generalized investigation into employee theft, not individual personnel, and therefore the personnel file exemptions of ORS 342.850(8) and ORS 192.502(9) did not apply. 329 Or at 402-03. The court did not reach the ORS 192.502(2) or ORS 192.501(12) exemptions. Because the Supreme Court's analysis in *Oregonian Publishing* did not call our analysis of those exemptions in that case into question, we adhere to that reasoning. *See, e.g., McLean v. Buck Medical Services, Inc.,* 157 Or App 563, 576, 971 P2d 462 (1998), *rev allowed* 328 Or 594 (1999).

[4] We also concluded that the records did not constitute information of a personal nature. *Oregonian Publishing,* 144 Or App at 188.

employees were disciplined internally. *Id.* at 182. Although the court's decision did not disclose whether the misconduct occurred on or off duty, that factual distinction alone does not dictate whether disclosure would constitute an unreasonable invasion of privacy. Here, as in *Oregonian Publishing*, the conduct involved directly bears on the possible compromise of a public official's integrity in the context of his public employment. Therefore, any invasion of privacy that would result from disclosure is not unreasonable. For each of the foregoing reasons, the exemption provided by ORS 192.502(2) is inapplicable to this case.

The trial court did not err in granting defendants' motion for summary judgment and in denying plaintiff's motion for summary judgment. Defendants were entitled to judgment as a matter of law.

Affirmed.

**DEITS, C. J.,** concurring.

I agree with the majority's holding, and I agree with its conclusion that the public interest in disclosure of the personnel discipline records in this case takes them out of the exemption provided by ORS 192.501(12). Specifically, I concur in the majority's view that the public has a legitimate interest in the integrity of a police officer of Captain Garvey's rank and that the matters involved in the disciplinary action bear on that interest.

I write this concurrence to emphasize a point that the majority touches on obliquely but does not spell out. Plaintiff's argument concerning the absence of the requisite public interest in the off-duty activities in question might be well taken if it were not for the public significance of Garvey's position. Although not an elected official, Garvey has assumed a high-ranking law enforcement position that requires a substantial level of public confidence and trust. Given the nature of Garvey's governmental role, I join the majority in concluding that the situation here bridges the gap—if barely—between public notoriety or curiosity about the off-duty activities of a government employee and the kind of "public interest" that the statute contemplates.